UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL W. SMITH and JOSHUA D. WARNER, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 17-CV-4094 |
| PAULA D. LODGE, *et al.*, | ) ) | |
| Defendants. | ) | |

## MERIT REVIEW AND CASE MANAGEMENT ORDER

The plaintiffs, proceeding pro se, are civil detainees at the Rushville Treatment and Detention Facility ("Rushville"), and are requesting leave to proceed under a reduced payment procedure for indigent plaintiffs who are institutionalized but are not prisoners as defined in 28 U.S.C. Section 1915(h).

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Circ. 1972). Additionally, a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this court grants leave to proceed *in forma pauperis* only if the complaint states a federal action.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

The plaintiffs filed this lawsuit jointly alleging they are married and that the Rushville officials will not allow them to attend the same recreational groups. Plaintiffs allege that the defendants' actions are in retaliation for a previously filed lawsuit. Plaintiffs have sued the members of their respective treatment teams.

Those lawfully detained do not retain rights inconsistent with such confinement. *See Overton v. Bazzetta*, 539 U.S. 126, 131 (2003) (citing *Jones v. North Carolina Prisoners'*

*Labor Union, Inc.*, 433 U.S. 119, 125 (1977). Among those rights retained, freedom of association is one of the least compatible with their present situation. *Id.* In addition, Plaintiffs have no due process right to unfettered contact with each other despite the fact that they share a familial relationship. *See Kentucky Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989) (no due process right to unfettered visitation); *Block v. Rutherford*, 468 U.S. 576, 585-88 (1984) (pretrial detainees have no constitutional due process right to contact visits). Insofar as Plaintiffs allege retaliation for a previously filed lawsuit filed against different TDF officials, they have not alleged that the defendants in this case knew about the lawsuit before taking the alleged adverse action. Therefore, the Court finds that Plaintiffs fail to state a constitutional claim.

**IT IS THEREFORE ORDERED:**

1.  Plaintiffs' motions for leave to appeal *in forma pauperis* [5, 6] are DENIED.

2.  The plaintiffs' complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A. This case is closed.

3.  If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 16th day of June, 2017

/s/ Harold A. Baker

_____

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE